# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD ADJEI, | Civil No. 3:19-cv-1200 |
| Petitioner | (Judge Mariani) |
| v. | |
| Warden SCOTT FINLEY, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Bernard Adjei ("Adjei"), a Federal Bureau of Prisons ("BOP") inmate, incarcerated in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania. (Doc. 1). For the reasons set forth below, the petition will be dismissed without prejudice, for Petitioner's failure to exhaust administrative remedies.

## I. Background

Petitioner, Adjei, has a projected release date of August 10, 2021, via good conduct time release. (Doc. 6-2, Sentence Monitoring Computation Data).

On July 15, 2019, Petitioner filed the instant petition for writ of habeas corpus, in which he alleges that the BOP erred in its decision that his previous robbery offense precludes him from receiving a sentence reduction of up to twelve months after completing the Residential Drug Abuse Program (RDAP). (Doc. 1). As relief, Adjei requests that the BOP's decision be overturned so that he will be eligible for a sentence reduction upon successful completion of RDAP. *Id.*

A search of the BOP's administrative remedy database reveals that during his current sentence in BOP custody, Petitioner has filed two administrative remedies, and

while both concerned entry into the RDAP, neither concerned Petitioner's request for a sentence reduction and neither remedy was exhausted. (*See* Doc. 6-2 at 9, Administrative Remedy Generalized Retrieval).

On June 3, 2019, Adjei filed Administrative Remedy Number 980000-R1, requesting to participate in the RDAP program. *Id.* This remedy was rejected on June 6, 2019 for filing at the wrong level. *Id.* On July 3, 2019, Adjei filed Administrative Remedy Number 983155-F1 also concerning RDAP. *Id.* This remedy was rejected on that same date because Adjei did not first attempt informal resolution by submitting his request through his counselor or other authorized person prior to filing a formal administrative remedy request. Id. Neither of these remedies pertained to a request for sentence reduction. *Id.* Adjei did not appeal either response or further pursue either of these administrative remedies. *Id.* Adjei has not filed any other remedies while in BOP custody, regarding any subject matter. *Id.*

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62

2

(citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E. D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"). The exhaustion requirement has been applied to claims regarding a prisoner's eligibility to receive a sentence reduction under the RDAP in 18 U.S.C. § 3621. *See Campbell v. Yost*, No. 07-0168, 2008 WL 2316556, at *2 (W.D. Pa. June 4, 2008) (citing *Beckley v. Miner*, 125 Fed.Appx. 385, 389 (3d Cir. 2005); *Rosenfeld v. Samuels*, No. 07-2907, 2008 WL 819630, at *1 (D.N.J. Mar. 26, 2008)).

In general, the BOP's Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. §§ 542.10-542.19. The inmate first must attempt to informally resolve his issue with the institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to his Administrative Remedy Request,

3

he may submit an appeal on the BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). This is the inmate's final available administrative appeal.

In the matter sub judice, Adjei admits that he did not exhaust his administrative remedies, arguing that he "will have completed RDAP before the appellate process is complete." (Doc. 1 at 8).

In *Suarez-Sanchez v. Lane*, No. 4:18-CV-1431, 2019 WL 1645231, *slip op* at *1, (M.D. Pa. Mar 5, 2019) (Rep. & Recom.), the petitioner was dissatisfied with the BOP's decision that, due to a previous conviction of a violent offense, he was ineligible for a sentence reduction after he completed RDAP. Just as in the instant case, the petitioner failed to properly exhaust his administrative remedies claiming it to be a waste of time. *Id.* at *2. "Courts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals...'" *Id.* at *3 (citing *Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL 4573686, *slip op* at *3 (M.D. Pa. Dec 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-CV-1339, 2009 WL 2876883, slip op at *3 (M.D. Pa. Sept 1, 2009) (copies attached).

Magistrate Judge Carlson stated:

> Simply put, with respect to his complaints in this petition, the petitioner is an inmate who has failed to fully exhaust his remedies and now fails to provide cause and prejudice that could excuse this earlier procedural default. Therefore, these unexhausted claims should be dismissed.

4

*Suarez-Sanchez v. Lane*, No. 4:18-CV-1431, 2019 WL 1645231, *slip op* at *4. On April 16, 2019, this Court adopted the Report and Recommendation, denying Suarez-Sanchez's petition for failure to exhaust his administrative remedies and because his claims were without merit. *Suarez-Sanchez v. Lane*, No. 4:18-CV-1431, 2019 WL 1620339, slip op at *1, (M.D. Pa. Apr 16, 2019) (Order).

Thus, exhaustion is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals and will delay his eligibility for placement in a RRC. See, e.g., Romero v. Meeks, No. 14-11, 2014 WL 4796579, *5 (W.D. Pa. Sept. 26, 2014) (quoting Amirnazmi v. Scism, 2011 WL 5854579, *6-7 (M.D. Pa. Nov. 21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released to a halfway house) (citations and internal quotations omitted)). *See also Campbell*, 2008 WL 2316556, at *3 (denying habeas petition where petitioner failed to exhaust his administrative remedies on claim that petitioner was erroneously denied eligibility to receive a sentence reduction under RDAP). Additionally, there is no indication that requiring Adjei to properly utilize the administrative review process would cause him irreparable harm. The BOP is not presently holding him beyond the term of imprisonment imposed by the United States District Court for the Middle District of Pennsylvania. His projected release date is August 10, 2021 and he is currently serving his judicially imposed sentence.

Accordingly, the petition is subject to dismissal for failure to exhaust administrative

5

remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review. The dismissal of Petitioner's habeas corpus petition shall be without prejudice to his invocation of the administrative remedies available to him. Further, any initiation of the administrative remedy process by petitioner shall not be deemed untimely based upon this Court's dismissal of Petitioner's instant petition.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge