UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD ADJEI, | : |
|            Petitioner | :   Civil No. 3:19-cv-1200 |
| v. | :   (Judge Mariani) |
| Warden SCOTT FINLEY, | : |
|            Respondent | : |

**MEMORANDUM**

Presently before the Court is Petitioner, Bernard Adjei's ("Adjei") motion for reconsideration (Doc. 11) of this Court's November 1, 2019, Memorandum and Order, (Docs. 9, 10) dismissing the above captioned petition for writ of habeas corpus, for Petitioner's failure to exhaust administrative remedies prior to filing the instant action. Based on the following, Adjei's motion for reconsideration (Doc. 11) will be denied.

**I.     Background**

Petitioner, Adjei, has a projected release date of August 10, 2021, via good conduct time release. (Doc. 6-2, Sentence Monitoring Computation Data).

On July 15, 2019, Petitioner filed the instant petition for writ of habeas corpus, in which he alleges that the BOP erred in its decision that his previous robbery offense precludes him from receiving a sentence reduction of up to twelve months after completing the Residential Drug Abuse Program (RDAP).   (Doc. 1).   As relief, Adjei requests that the

1

BOP's decision be overturned so that he will be eligible for a sentence reduction upon successful completion of RDAP. *Id.*

A search of the BOP's administrative remedy database reveals that during his current sentence in BOP custody, Petitioner has filed two administrative remedies, and while both concerned entry into the RDAP, neither concerned Petitioner's request for a sentence reduction and neither remedy was exhausted. (*See* Doc. 6-2 at 9, Administrative Remedy Generalized Retrieval).

On June 3, 2019, Adjei filed Administrative Remedy Number 980000 R1, requesting to participate in the RDAP program. *Id.* This remedy was rejected on June 6, 2019 for filing at the wrong level. *Id.*

On July 3, 2019, Adjei filed Administrative Remedy Number 983155 F1 also concerning RDAP. *Id.* This remedy was rejected on that same date because Adjei did not first attempt informal resolution by submitting his request through his counselor or other authorized person prior to filing a formal administrative remedy request. *Id.* Neither of these remedies pertained to a request for sentence reduction. *Id.* Adjei did not appeal either response or further pursue either of these administrative remedies. *Id.* Adjei has not filed any other remedies while in BOP custody, regarding any subject matter. *Id.*

By Memorandum and Order dated November 1, 2019, this Court dismissed Petitioner's action for failing to exhaust administrative remedies prior to filing the action, finding, *inter alia*, that Adjei, himself admitted that he did not exhaust his administrative

remedies, arguing that he "will have completed RDAP before the appellate process is complete". (Doc. 1 at 8).

On December 12, 2019, Petitioner filed a motion for reconsideration. (Doc. 11).

## II. **Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.); Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one . . . [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F. Supp. 3d at 491.

## III.   Discussion

Adjei argues that "the Court is in error when it provided that Adjei did not appeal the response or further pursue either administrative remedies." (Doc. 11 at 3). In support of his argument, Petitioner submits an August 5, 2019 Request for Administrative Remedy, in which he claims that "a BP-8 was turned in to Counselor Bainbridge on July 5, 2019, however, no response was ever received" and Petitioner claims that the decision to "preclude [him] from "being eligible for time off [his] sentence for completing RDAP should be reversed." (Doc. 11-1 at 7-8). Additionally, Petitioner submits an August 22, 2019 response from Warden Finley informing him that his "eligibility for 3621e early release benefits was reviewed by the DSCC and on 01/09/2019 it was determined that [Petitioner's] offense history meets one of the above criteria[1], precluding you from 3621e early release."

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. § 2241, a federal prisoner must exhaust his administrative remedies **prior** to filing a § 2241 petition. *See Small v. Camden County*, 728 F.3d 265, 269 (3d Cir. 2013); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (emphasis added). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under § 2241. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986).

---

[1] The Warden's response sets forth the categories of inmates' ineligibility for early release, pursuant to Program Statement 5331.02, Early Release Procedures under 18 U.S.C. § 3621(e). (Doc. 11-1 at 9).

4

Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. See *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits).

*Id*. (citations and internal quotation marks removed). In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.10 *et seq*., otherwise, the habeas petition should be dismissed. *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies **before** bringing claim under § 2241) (emphasis added). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier*, 819 F.2d at 53; *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

The Court notes that the Petitioner's action was filed on July 15, 2019. (Doc. 1). The record before the Court at the time of its November 1, 2019 Memorandum and Order, dismissing Petitioner's action for failure to exhaust administrative remedies, revealed only Administrative Remedies filed on June 3, 2019 and July 3, 2019, prior to July 15, 2019, the

date the petition was filed. The Petitioner's submissions in support of his motion for reconsideration demonstrate that he failed to exhaust his administrative remedies prior to filing the instant action on July 15, 2019. Petitioner does not contend that exhaustion should be excused based on any of the above factors. Instead, he argues that he has exhausted his administrative remedies. The record before the Court, however, establishes otherwise. Thus, Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Petitioner's own exhibits demonstrate that this Court correctly concluded that Petitioner failed to exhaust administrative remedies prior to filing the instant action.

Accordingly, this Court finds that its Memorandum and Order of November 1, 2019, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge